UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony Nasseff, Jr.,

        Plaintiff,

v.                                                           Civil No. 14-cv-4704 (JNE/BRT)
                                                            ORDER

Sgt. Glenn Lisowy,

        Defendant.

        Plaintiff Anthony Nasseff, Jr., an inmate in the custody of the Minnesota Department of Corrections (DOC), sued Defendant Glenn Lisowy, a DOC officer, for excessive use of force during a November 30, 2012 incident. Both parties moved for summary judgment. The Magistrate Judge issued a Report and Recommendation, which recommends granting Lisowy's motion, denying Nasseff's motion, and dismissing Nasseff's action because he failed to exhaust his remedies. Nasseff objects to the Report and Recommendation. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, it adopts the Report and Recommendation.

        It is undisputed that Nasseff failed to follow the DOC grievance procedures. In his objection, Nasseff argues that he could not have grieved his claim because "no offender in the DOC can file a grievance regarding anything discipline derives from." Nasseff is correct that DOC's grievance policy does not apply to discipline, which has a separate appeals process. However, according to DOC policy, the appeals process for discipline applies where an offender is charged with violating facility regulations and is subject to a penalty, such as segregation or loss of privileges. The disciplinary proceedings are not used to adjudicate an inmate's claim that

an officer employed excessive force. Such allegations are covered by the grievance procedures, which Nasseff did not follow.

On July 23, 2015, after his time to object to the Report and Recommendation had passed, Nasseff filed a one-page motion requesting a waiver of the exhaustion requirement. He states that his mental condition made him unable to file a timely grievance. The record does contain evidence that Nasseff suffers from a number of conditions, such as posttraumatic stress disorder, borderline personality disorder, and antisocial personality disorder. However, nothing in the record explains how these conditions prevented Nasseff from filing a grievance through the DOC procedures before he decided to file this lawsuit in federal court.

Nasseff also argues he was told his allegations of excessive force could not be grieved. As evidence, he has submitted correspondence with DOC officials. Under the relevant DOC policy, an inmate has 45 days from the date of an incident to initiate a formal grievance. Even if the correspondence submitted by Nasseff could conceivably be construed as conveying to Nasseff that he could not grieve his excessive force claim, each correspondence is dated at least five months after the incident, at which point Nasseff could not in fact grieve his excessive force claim because his 45-day deadline had passed.

Defendant has submitted evidence showing that Nasseff's claims were governed by the DOC grievance policy, that Nasseff did not grieve his claims under that policy before filing this action, and that Nasseff's deadline to file a grievance has long passed. Nasseff has not rebutted this evidence or sufficiently explained his inability to comply with the grievance procedures.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion for summary judgment [Docket No. 23] is GRANTED;

2. Plaintiff's motion for summary judgment [Docket No. 20] is DENIED;

3. Plaintiff's motion for waiver of exhaustion requirement [Docket No. 44] is DENIED;

4. The Report and Recommendation [Docket No. 36] is ADOPTED;

5. This action is DISMISSED WITH PREJUDICE for failure to exhaust administrative remedies under the Prison Litigation Reform Act of 1995.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 28, 2015

                                                  s/Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge